EASTERN DISTRICT OF WISCONSIN
EASTERN DIVISION

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2019 OCT 24 P 1:53
STEPHEN C. DRIES -
CLERK

Case No. 19-C-1557

WILMINGTON TRUST, NATIONAL )
ASSOCIATION, AS SUCCESSOR )
TRUSTEE TO CITIBANK, NA AS )
TRUSTEE FOR FIRST FRANLIN )
MORTGAGE LOAN TRUST, MORTGAGE )
LOAN ASSET BACKED CERTIFICATES, )
SERIES 2005-FF12, )
                      )
        Plaintiffs, )
                      )
v.                  )
                      )
MICHAEL STOLLER, joiner et al
CHRISTOPHER STOLLER
        Defendants.

## NOTICE OF REMOVAL

Defendant Christopher Stoller, 70, a disabled person, a protected person as defined by the Americans for Disability Act (ADA) and joiner party, Michael Stoller, 27 a protected person as defined by the Americans for Disability Act (ADA), represent to this Court as follows:

1.      There is now pending in the Chancery Division of the Circuit Court of Cook County, Illinois, a certain foreclosure action in which Christopher Stoller, a disable person and protected person as defined by the Americans for Disability Act (ADA) and joiner, Michael Stoller, 27, an "adult-child", also a disabled person from birth, on Social Security Disability and is a protected person as defined by the Americans for Disability Act (ADA), are currently residents of the Illinois condominium which is subject to the foreclosure action by Plaintiffs, Wilmington Trust, a well-known, criminal enterprise[1].

---

[1] During the summer of 2015, the U.S. Attorney unsealed indictments (U.S. District Court for the District of

2

2. Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, under § 1443, which deals with civil rights cases. (collectively "Defendants"), hereby remove this action from the Cook County Illinois to the United States District Court for the Eastern District of Wisconsin.

3. Removal is based on Diversity; the amount in controversy is over $75,000, federal question jurisdiction, because a federal question appears on the face of the pleading[2] filed by Wilmington Trust, National Association, as an alleged Successor Trustee to Citibank, N.A. As Trustee for First Franklin mortgage[3] Loan trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF12 ("Plaintiffs"). The Complaint alleges that the Defendants are debt collectors as defined by 15 U.S.C. § 1692a (6), the Federal Fair Debt Collection Practices Act, and at all times failed to comply the federal Real Estate settlement procedures Act (RESPA), 12 U.S.C. § 2601-2617. Plaintiff's state law claims, in fact, arise under federal law, such that federal question jurisdiction exists.

4. Plaintiffs' claims are more properly litigated in federal court: the artful pleading doctrine and/or proving that one or more of the causes of action asserted fall in the narrow exceptions

---

Delaware, Criminal Action No. 15-23 **Exhibit** 1) naming the bank's former CFO, COO, President and Controller as defendants. On **January 6, 2016**, the U.S. Attorney unsealed yet another Superseding Indictment, this time naming the Plaintiff in this case, Wilmington Trust itself as a criminal defendant, in addition to its senior officers. Indicting a corporation's senior officers is a rare step; indicting a bank or corporation is even more uncommon. Wilmington Trust is the first and only company that has been indicted for its actions during the 2008 financial crisis. To date, there have been nearly a dozen indictments and five guilty pleas stemming from Wilmington Trust's fraudulent conduct. Their lawyers Randal Berg, Michael burg, Christopher A. Cieniawa, Joseph M. Herbas, Mallory Snyderman, Michael Kalkowski, Laura J. Anderson, Jenna R. Vondran, Thomas Belczak Debra, Miller and Robert P, McMurry, who run a "foreclosure mill" under the law firm of Shapiro Kreisman & Associates located in Bannockburn, Illinois are aiding and abetting Wilmington Trust in their ongoing foreclosure fraudulent business practice. *Thornwood, Inc. v. Jenner & Block,* 799 N.E.2d 756 (Ill. App. Ct. 2003).

[2] "This is an attempt to collect a Debt and any information obtained will be used for that purpose. Please be advised that if your personal Liability for this Debt has been extinguished by a discharge in Bankruptcy or by an order granting in Rem Relief from Stay, this notice is provided solely to foreclose the mortgage remaining on your property and is not an attempt to collect the discharged personal obligation **("Exhibit 2")** Amended Complaint.

3

to the "well-pleaded complaint rule." The artful pleading doctrine, "a corollary to the well-pleaded-complaint rule, rests on the principle that a plaintiff may not defeat federal subject-matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law." Sullivan v. Am. Airlines , 424 F.3d 267, 271 (2d Cir. 2005) (citing Rivet v. Regions Bank of La ., 522 U.S. 470, 475-76 (1998); see also NASDAQ OMX Grp. v. UBS Sec. , 770 F.3d 1010, 1019 (2d Cir. 2014). Designed to prevent plaintiffs from avoiding federal jurisdiction, the artful pleading doctrine allows courts to "read into a complaint elements that the plaintiff omitted," and "construe the complaint as if it raised the federal claim that actually underlies the plaintiff's suit." Sullivan, 424 F.3d at 271-72 (citing Rivet , 522 U.S. at 475).

5. More specifically, the Defendants' invoke the artful pleading doctrine ,when Congress has either (1) so completely preempted (or entirely substituted) a state law cause of action for a federal one that a plaintiff cannot avoid removal by declining to plead, or (2) expressly provided for the removal of particular actions asserting state law causes of action. See Beneficial Nat'l Bank v. Anderson , 539 U.S. 1, 6 (2003); Rivet , 522 U.S. at 475-76.

6. Plaintiff asserts here, the narrow exception to the well-pleaded complaint rule where a state law claim necessarily incorporates federal law, see Bracey v. Bd. of Educ. of Bridgeport , 368 F.3d 108, 115-16 (2d Cir. 2004), or where a state law claim is completely displaced and/or preempted by federal law, see McCulloch Orthopaedic Surgical Servs. v. Aetna , 857 F.3d 141, 145 (2d Cir. 2017).

7. District courts have "original jurisdiction. *Holmes Grp., Inc. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 830, (2002) of all civil cases arising under the Constitution, law, or treaties of the United States." In support of its notice, Defendants Christopher Stoller

4

Case 2:19-cv-01557-JPS   Filed 10/24/19   Page 3 of 7   Document 1

and joiner party[4] Michael Stoller which Christopher Stoller and joiner, Michael Stoller, are currently residents of the condominium, which is subject to the unlawful foreclosure action by Plaintiff Wilmington Trust in violation of the Civil Rights, Federal Housing Act and Violation of the Americans for Disability Act on the grounds that Michael Stoller and Christopher Stoller are disabled persons, as defined by the Americans for Disability Act..

8.  This Chancery Foreclosure case was first filed in February of 2013, Case No. 2013 CH 05201.

9.  On September 22, 2014, the court dismisses the case vacating the foreclosure order entered on September 24, 2013 is vacated[5].

10. The Plaintiffs unlawfully re-filed foreclose complaint on June 23, 2017 based upon intrinsic fraud[6], against the property known as 415 Wesley, Suite 1, Oak Park, Illinois 60302, the residence of Defendants Christopher Stoller and Michael Stoller.

11. The Plaintiff's Motion for Leave to File an Amended Complaint, was granted on October 2, 2017; see the Court Order and Transcript of the hearing of October 6, 2017, .

---

[4] Wilmington Trust et also sued "unknown occupants Defendants" Michael Stoller, 26, is an "unknown" occupants and request that he be joined in this action as a necessary party under Federal Rule of Civil Procedure Rule 20(a)(1)(A)

[5] Section 2-1009 of the Illinois Code of Civil Procedure allows a plaintiff to dismiss their lawsuit without prejudice at any time before trial or hearing begins (upon notice and payment of costs). However, if and when the plaintiff re-files the matter, (as the plaintiff's in this case did) the litigants do not have carte blanche to re-plead standing, see ***Deutsche Bank National Trust Co. v. Gilbert,* 2012 IL App (2d) 120164,** when they did not have standing in the first instance. "All dismissals, other than for lack of jurisdiction, improper venue, or failure to join an indispensable party, operate as an adjudication on the merits unless the order or statute specifies otherwise. Ill. S. Ct. Rule 273. Therefore, the dismissal of a complaint for failure to state a cause of action is an adjudication upon the merits; *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290 (1998); *Benley v. Glenn Shipley Enterprises, Inc.*, 248 Ill. App. 3d 647 (4th Dist. 1993). The Plaintiffs' failed to refile within a year of their first foreclose suit and are now barred from refiling as well known to their attorneys. 735 JLCS 5/13-217, who continue to aid and abet their client Wilmington Trust a criminal enterprise. See; *Thornwood, Inc. v. Jenner & Block,* 799 N.E.2d 756 (Ill. App. Ct. 2003)

[6] Extrinsic fraud is fraud that induces a person not to present a case or deprives a person of the opportunity to be heard. Relief is granted for extrinsic fraud on the theory that because the fraud prevented a party from fully exhibiting and trying his case, there has never been a real contest before the court on the subject matter of the action. On the other hand, intrinsic fraud is fraud which was presented and considered at trial. It is fraud which misleads and induces the court to find in favor of the party perpetrating the fraud.

Case 2:19-cv-01557-JPS   Filed 10/24/19   Page 4 of 7   Document 1

12. Plaintiffs' amended complaint was filed on October 2, 2017 based upon intrinsic fraud. *id* , .

## This Notice of Removal is timely filed

13. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes. The removal of this action to this Court is timely under **under 28 U.S.C § 1443 which deals with civil rights cases, under** § 1446(b) because this Notice of Removal is filed within thirty (30) days after October 3, 2017, which is the date Defendants first received the MOTION FOR ENTRY OF CONSENT JUDGEMENT OF Foreclosure ("**Group Exhibit 2**").

14. The United States District Court for the Eastern District of Milwaukee is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a), § 1443 because it is the forum of choice of the defendants *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas* (__ S.Ct. __, 2013 WL 6231157 (Dec. 3, 2013).

## This Court has Federal Question Jurisdiction

15. Plaintiffs allege they are debt collectors under FDCPA. (Amended Complaint Page 7, 43-57.). Therefore, federal question jurisdiction exists over Plaintiffs' claims under 28 U.S.C. § 1331 because the resolution of Plaintiffs' claims will require adjudication of disputed questions of federal law. Plaintiff also allege that their Civil Rights have been violated as well as there disability rights under the Americans for Disability Act and their Federal Housing Rights.

16. To the extent the Complaint alleges statutory, state common law or other non-federal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. §

1367 because those claims arise out of the same operative facts as Plaintiffs' claims under FDCPA, and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

17. The Plaintiff have violated the Civil Rights of the Defendants, their Disability Rights under the Americans for Disability Act and the Federal Housing Rights.

## This Court has Federal Jurisdiction

18. Under 28 U.S.C. § 1332, this removal case in which the Defendant a citizen of Illinois has a controversy with a citizens of another State. . Wilmington Trust is Delaware Corporation. At stake is more than $75,000, page 2 ¶ G and H . This is a diversity of citizenship case. In this diversity of citizenship case, no Plaintiff is a citizen of the State of Wisconsins.

19. Under 28 U.S.C. § 1446(b), the notice of removal was filed within thirty (30) days after Defendants' receipt of the initial pleading or within thirty (30) days after Defendants' receipt of the Motion for Entry of Consent Judgment of Foreclosure ("**Group Exhibit 2**").

20. Ordinarily the defendant must get the permission of every defendant in order to effect a removal. However, there is an exception to that rule which provides an exception for Defendants[7] not yet served; *Carver v. Sears Roebuck & Co.,* No. 86-7339, 1986 WL 11380, at 1 (N.D. Ill. Oct. 6, 1986) t. 6, 1986) (exception for defendant not yet served). Defendants did not need to get permission from any Defendants who were not served. Upon information and belief no other Defendants have yet been served with the Motion for Entry of Consent Judgment of Foreclosure.

## That the Action is a Suit of a Civil Nature

---

[7] See 28 U.S.C § 1446(b) (2) (A) ('All Defendants who have been properly joined and served must join in or consent to the removal of the action"). The defendants Christopher Stoller has been properly served and brings this Notice of Removal, the remaining defendants have not been properly joined and served with the amended complaint and thus their consent to remove this action is not required.

7

21. That this Court has original jurisdiction over this action under 28 U.S.C. sec. 1331, and supplemental jurisdiction over the state tort claims under 28 U.S.C. sec 1367. This action may be removed to this Court pursuant to 28 U.S.C. 1441, et al.

22. This notice is being filed within thirty (30) days of the Defendants being served with Plaintiffs' Motion for Entry of Consent Judgment of Foreclosure.(**Exhibit 2**) and that the time for filing this notice has not expired.

23. Written notice of the filing of this notice has been given to all other parties as provided by law.

24. That all properly served Defendant(s) consent to the removal of this action.

25. That a true and correct copy of the notice will be filed with the Clerk of the Circuit Court for Cook County, as provided by law.

26. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of its position that this case is removable; *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (announcing general rule that post-removal evidence in assessing removal jurisdiction may be considered by the Court).

### Conclusion

For the foregoing reasons, Defendants respectfully request that this civil action be, and is hereby, removed to the United State District Court for the Eastern District of Wisconsin, that this Court assume jurisdiction of this civil action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

/s/ Christopher Stoller
Christopher Stoller

8