415 Wesley Suite 1
Oak Park, IL 60302
(773) 746-3163

# EXHIBIT 1

9

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,          )
                                    )
         Plaintiff,                 )
                                    )     Criminal Action No. 15-**23**-UM**-6**
         v.                         )
                                    )
WILLIAM B. NORTH and                )     REDACTED
KEVYN N. RAKOWSKI,                  )
                                    )
         Defendants.                )

# INDICTMENT

The Grand Jury for the District of Delaware charges that:

## INTRODUCTION

At all times material to this Indictment:

## COMMON INDIVIDUALS AND ENTITIES

1.     Wilmington Trust Corporation ("WL"), headquartered in Wilmington, Delaware, was a Bank Holding Company whose securities were traded on the New York Stock Exchange ("NYSE") under the trading symbol "WL."

2.     Wilmington Trust Company ("WTC" or "the Bank") comprised WL's Delaware-based, wholly-owned retail and commercial banking subsidiary and was a financial institution, as defined by Title 18, United States Code, Section 20, with deposits insured by the Federal Deposit Insurance Corporation. Beginning in or around December 2008, WTC participated in the Department of the Treasury's Capital Purchase Program ("CPP"), a subset of the Troubled Asset Relief Program ("TARP").

3.     WILLIAM B. NORTH ("NORTH") was employed by the Bank as its Chief Credit Officer, and was responsible for, among other things, the Bank's credit policies and

administration, its monitoring and managing of past due loans, and its loan recovery and collection efforts.

4. KEVYN N. RAKOWSKI ("RAKOWSKI") was employed by the Bank as its Controller, and was responsible for, among other things, the Bank's compliance with regulatory reporting requirements and generally accepted accounting principles ("GAAP"), and the accuracy of its publicly-reported financial information.

## THE BANK'S REPORTING OBLIGATIONS

5. At all times material to this Indictment, the Bank was a "State Member Bank" of the Federal Reserve System, as defined by Title 12, United States Code, Section 1813(d). The Board of Governors of the Federal Reserve System (the "Board of Governors") was the primary federal banking agency charged with supervising and regulating the Bank to ensure that the Bank engaged in safe and sound banking practices and complied with federal banking laws. The Federal Reserve Bank of Philadelphia (hereinafter the "Reserve Bank"), carried out the day-to-day supervisory functions of the Board of Governors with respect to WL and WTC, under authority delegated to it by the Board of Governors.

6. The Bank was required to file, and did file with the Board of Governors and the Reserve Bank (collectively referred to as the "Federal Reserve"), a quarterly "Consolidated Report of Condition and Income for a Bank with Domestic Offices Only – FFIEC 041," which is commonly known as the "Call Report." The Call Report set forth detailed financial data about the Bank's financial position and the results of its operations for that quarter. Schedule RC-N of the Call Report required disclosure of the Bank's total amount of loans that were (a) 30 to 89 days past due; (b) 90 days or more past due for that quarter; and (c) on nonaccrual status; that is, no longer accruing interest income.

2

7.    The Federal Reserve also considered the Bank's past due loan information as part of its examinations into the safety and soundness of the Bank.

8.    As a publicly-traded company that was listed on the NYSE, the Bank was also required to file and did file quarterly and annual reports with the United States Securities and Exchange Commission ("SEC"). A quarterly report is referred to as a "Form 10-Q," while an annual report is referred to as a "Form 10-K" (hereinafter referred to as "SEC Reports"). The Bank was required to disclose accurately in its SEC Reports the Bank's total amount of loans that were 90 days or more past due and nonaccruing loans.

9.    In October 2009, the Bank entered into an agreement with the Federal Reserve that, among other obligations, required the Bank to submit its past due and nonaccruing loan information to the Federal Reserve on a monthly basis (the "Monthly Regulatory Reports").

### THE SUBMISSION OF FALSE PAST DUE LOAN INFORMATION

10.    A "matured loan" is a term loan in which the principal payment is past due. Unless the Bank extended the loan through a new legal agreement with the borrower, repayment in full was due upon maturity. The Bank's internal accounting system, known as the SHAW system, considered all matured loans to be past due.

11.    Defendants North and Rakowski participated with other individuals known and unknown to the Grand Jury in a practice to waive, that is, to not report publicly in Call Reports, SEC Reports, and the Monthly Regulatory Reports matured loans that were either (a) current for interest and in the process of extension, or (b) handled by the Bank's loan recovery section.

12.    NORTH, as Chief Credit Officer, was responsible for, among other things, reviewing and approving the Bank's internal list of past due loans (the "Delinquency Report"). The Delinquency Report, which was populated with past due loan information from the SHAW system, was used by the Bank to report its past due loans to the SEC and the Federal Reserve.

3

The Delinquency Report was sorted into two primary subreports: a "Balance Sheet" subreport, which calculated past due loan information in a format to be reported in public filings with the SEC, and an "FRB" subreport, which calculated the information in a format to be reported in Schedule RC-N of the Call Report. Both subreports were filtered in such a way that loans which had been deemed waived from the Delinquency Report were not included in the total amount of loans considered to be past due for financial reporting purposes.

13. NORTH was aware that the approved Delinquency Reports were forwarded to the Bank's Office of the Controller and used to create the Bank's final report of Past Due and Nonperforming Loans ("Past Due Report"), and that the loan figures contained in the Past Due Report were reported in the Bank's Call Reports, SEC Reports, and Monthly Regulatory Reports. NORTH repeatedly expressed concerns over the rising magnitude of matured loans at the Bank, the practice of waiving loans that had not been approved for extensions from past due reporting, and the possibility that the waiver practice could be subject to scrutiny by outside parties. Despite these concerns, NORTH approved the waiver of matured loans from the Delinquency Report knowing that a substantial portion of the waived loans were of poor quality and/or had not been extended over multiple reporting periods.

14. RAKOWSKI, as Controller, was responsible for, among other things, approving the Bank's Past Due Report. Like NORTH, RAKOWSKI knew that the past due loan figures contained in the Past Due Report did not include waived loans, and knew that such past due loan figures were nonetheless reported in the Bank's Call Reports, SEC Reports, and Monthly Regulatory Reports. RAKOWSKI approved the past due loan figures in the Past Due Report for public reporting regardless of the underlying basis for the waiver decisions or the length of time by which particular loans had exceeded their contractual terms.

4

15. The waiver practice resulted in the Bank's failure to report a material quantity of past due and nonaccruing loans in its Call Reports and SEC Reports.

16. The waiver practice further resulted in the Bank's failure to report its total amount of past due and nonaccruing loans in the Monthly Regulatory Reports.

## COUNT ONE

17. The allegations contained in paragraph 1 through paragraph 16 of this Indictment are repeated and realleged as if fully set forth herein.

18. On or about November 9, 2009, in the District of Delaware and elsewhere, Defendants WILLIAM B. NORTH and KEVYN N. RAKOWSKI, and others known and unknown to the Grand Jury, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of Government of the United States by falsely reporting to the Securities and Exchange Commission the Bank's total quantity of past due and nonaccruing loans in WL's SEC Report (Form 10-Q) for the Third Quarter 2009.

All in violation of Title 18, United States Code, Sections 1001 and 2.

## COUNTS TWO THROUGH FOUR

19. The allegations contained in paragraph 1 through paragraph 16 of this Indictment are repeated and realleged as if fully set forth herein.

20. From on or about October 30, 2009, to on or about November 25, 2009, in the District of Delaware and elsewhere, Defendants WILLIAM B. NORTH and KEVYN N. RAKOWSKI, and others known and unknown to the Grand Jury, did willfully and knowingly make materially false, fictitious, and fraudulent statements and representations in matters within the jurisdiction of the executive branch of Government of the United States by falsely reporting to the Federal Reserve the Bank's total quantity of past due and nonaccruing loans as set forth below:

5

| COUNT | FILING | APPROXIMATE DATE OF FILING |
|-------|--------|---------------------------|
| Two | WTC Call Report for the Third Quarter of 2009 | November 13, 2009 |
| Three | WL September 2009 Monthly Regulatory Report | October 30, 2009 |
| Four | WL October 2009 Monthly Regulatory Report | November 25, 2009 |

All in violation of Title 18, United States Code, Sections 1001 and 2.

A TRUE BILL:

$\overline{\text{Foreperson}}$

CHARLES M. OBERLY, III
United States Attorney

By: _____
Robert F. Kravetz
Lesley F. Wolf
Assistant United States Attorneys

Date: May 6, 2015

6

# EXHIBIT 2

Return Date: No return date scheduled
Hearing Date: 10/30/2019 9:45 AM - 9:45 AM
Courtroom Number: N/A
Location: District 1 Court
        Cook County, IL

FILED
10/10/2019 2:49 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2017CH08634

6911604083134

FILED DATE: 10/10/2019 2:49 PM 2017CH08634

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - CHANCERY DIVISION

WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-FF12,

                PLAINTIFF,

-vs-

PRISCILLA L. WRIGHT A/K/A PRISCILLA WRIGHT A/K/A PRISCILLA LOUISE WRIGHT; FIRST FRANKLIN FINANCIAL CORPORATION; CHRISTOPHER STOLLER; WESLEY TERRACE CONDOMINIUM ASSOCIATION; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS; UNKNOWN OCCUPANTS;

                DEFENDANTS,

NO. 17 CH 8634

CALENDAR NO: 57

PROPERTY ADDRESS:
415 WESLEY AVENUE, UNIT 1
OAK PARK, IL 60302

## NOTICE OF MOTION

TO:    -Kovitz Shifrin Nesbitt, 175 N. Archer Avenue, Mundelein, IL 60060
        -Christopher Stoller, 415 Wesley Avenue, Unit 1, Oak Park, IL 60302
        -Attorney Philip M. Kiss, 5250 Grand Ave #14-408, Gurnee, IL 60031
        -Marinosci Law Group, Inc., 134 N. LaSalle Street, Suite 1900, Chicago, IL 60602
        (mlgil@mlg-defaultlaw.com)
        -Priscilla L. Wright a/k/a Priscilla Wright a/k/a Priscilla Louis Wright, 4575 Frontage
        Road, Room 210, Hillside, IL 60162
        -Unknown Occupants, 415 Wesley Avenue, Unit 1, Oak Park, IL 60302

      On October 30, 2019, at 9:45 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Curry, or any Judge sitting in his stead in courtroom 2809 at the Richard J. Daley Center, 50 West Washington Street, Chicago, IL 60602 and shall there and then present Plaintiff's Motion for Summary Judgment and Motion for Entry of a Consent Judgment of Foreclosure.

                       By:S/Joseph M. Herbas
                       One of Plaintiff's Attorneys

Joseph M. Herbas
Shapiro Kreisman & Associates, LLC,

FILED DATE: 10/10/2019 2:49 PM  2017CH08634

2121 Waukegan Road, Suite 301
Bannockburn, IL 60015
(847) 291-1717
Attorney No. 42168
ILNotices@logs.com

## **PROOF OF SERVICE BY MAIL**

The undersigned, an attorney, states that this notice and Plaintiff's motions are being served by regular mail to the parties and addresses on the service list by depositing a copy of the same in the U.S. Post Office Box located at 209 South LaSalle Street, Chicago, Illinois on October 10, 2019 before 5:30 p.m. with proper postage prepaid.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

By:S/Joseph M. Herbas
One of Plaintiff's Attorneys

Joseph M. Herbas
Shapiro Kreisman & Associates, LLC,
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015
(847) 291-1717
Attorney No. 42168
ILNotices@logs.com

FILED
10/3/2019 12:00 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2017CH08634

6819625

17-083134

FILED DATE: 10/3/2019 12:00 PM   2017CH08634

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - CHANCERY DIVISION

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-FF12, | NO. 17 CH 8634 |
| PLAINTIFF, | |
| -vs- | CALENDAR NO: 57 |
| PRISCILLA L. WRIGHT A/K/A PRISCILLA WRIGHT A/K/A PRISCILLA LOUISE WRIGHT; FIRST FRANKLIN FINANCIAL CORPORATION; CHRISTOPHER STOLLER; WESLEY TERRACE CONDOMINIUM ASSOCIATION; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS; UNKNOWN OCCUPANTS; | PROPERTY ADDRESS: 415 WESLEY AVENUE, UNIT 1 OAK PARK, IL 60302 |
| DEFENDANTS, | |

### MOTION FOR ENTRY OF CONSENT JUDGMENT OF FORECLOSURE

NOW COMES the Plaintiff, WILMINGTON TRUST, NATIONAL ASSOCIATION, AS

SUCCESOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE FOR FIRST FRANKLIN

MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES,

SERIES 2005-FF12, together with Defendant Priscilla L. Wright a/k/a Priscilla Wright a/k/a

Priscilla Louise Wright (hereinafter referred to as "Defendant"), in support of their Motion for

the Entry of a Consent Foreclosure pursuant to 735 ILCS 5/15-1402 states as follows:

1.    Plaintiff filed an action to foreclose a mortgage on the property known as 415 Wesley

Avenue, Unit 1, Oak Park, IL 60302.

1

FILED DATE: 10/3/2019 12:00 PM   2017CH08634

2.   Plaintiff and Defendant deemed that it would be in the best interest of all parties to enter into a Consent Judgment of Foreclosure to settle and resolve any and all outstanding issues between them.

3.   That pursuant to 735 ILCS 5/15-1402, Plaintiff offers to Defendant a Consent Judgment of Foreclosure which shall be entered herein, to waive any and all rights to a personal judgment for deficiency against the mortgagors and any other persons liable for payment of the indebtedness.

4.   That this offer has been made pursuant to this Motion with Notice to all parties named in this Mortgage Foreclosure not in default.

5.   Attached hereto is the Affidavit of said Defendant expressly consenting to the entry of the Consent Judgment of Foreclosure.

6.   That Notice has been given to all parties who have not previously been found to be in default.

WHEREFORE, pursuant to 735 ILCS 5/15-1402, Plaintiff and Defendants respectfully request that this court grant Plaintiff and Defendant Priscilla L. Wright a/k/a Priscilla Wright a/k/a Priscilla Louise Wright's joint motion for entry of a Consent of Judgment of Foreclosure which will have the affect of conveying clear and absolute title and into the property to the Plaintiff herein.

2

By: S/Joseph M. Herbas
One of Plaintiff's Attorneys

Shapiro Kreisman & Associates, LLC
Attorney for Plaintiff
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015
(847) 291-1717
ILNOTICES@logs.com
Attorney No: 42168

3

17-083134

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

FILED DATE: 10/3/2019 12:00 PM 2017CH08634

WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-FF12,

        PLAINTIFF,

-vs-

PRISCILLA L. WRIGHT A/K/A PRISCILLA WRIGHT A/K/A PRISCILLA LOUISE WRIGHT; FIRST FRANKLIN FINANCIAL CORPORATION; CHRISTOPHER STOLLER; WESLEY TERRACE CONDOMINIUM ASSOCIATION; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS; UNKNOWN OCCUPANTS;

        DEFENDANTS,

NO. 17 CH 8634

CALENDAR NO: 57

PROPERTY ADDRESS:
415 WESLEY AVENUE, UNIT 1
OAK PARK, IL 60302

## MORTGAGOR'S CONSENT TO ENTRY OF JUDGMENT PURSUANT TO 15-1402

    Priscilla L. Wright a/k/a Priscilla Wright a/k/a Priscilla Louise Wright being first duly sworn on oath state as follows:

1.    That she is the Defendant mortgagor in the above entitled action and are represented by counsel.

2.    That I have been advised of the ramifications and effect of the entry of a Consent Judgment of Foreclosure.

3.    That I acknowledge that the entry of the Consent Judgment of Foreclosure will have the effect of conveying clear and absolute title to the Plaintiff herein and terminate any and all rights of reinstatement, redemption, and rights of Possession.

1

4.  The ramifications of such action have been explained to me and I do hereby expressly consent to the entry of the Judgment of Foreclosure by Consent pursuant to 735 ILCS 5/15-1402.

_Priscilla L. Wright_

Priscilla L. Wright a/k/a Priscilla Wright a/k/a Priscilla Louise Wright

Subscribed and sworn to before
me this _____ day of July 2019.

_____
Notary Public

2

FILED
10/10/2019 2:49 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2017CH08634

6914000983134

FILED DATE: 10/10/2019 2:49 PM  2017CH08634

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - CHANCERY DIVISION

WILMINGTON TRUST, NATIONAL
ASSOCIATION, AS SUCCESOR TRUSTEE TO
CITIBANK, N.A., AS TRUSTEE FOR FIRST
FRANKLIN MORTGAGE LOAN TRUST,
MORTGAGE LOAN ASSET-BACKED
CERTIFICATES, SERIES 2005-FF12,
        PLAINTIFF,

-vs-

PRISCILLA L. WRIGHT A/K/A PRISCILLA
WRIGHT A/K/A PRISCILLA LOUISE
WRIGHT; FIRST FRANKLIN FINANCIAL
CORPORATION; CHRISTOPHER STOLLER;
WESLEY TERRACE CONDOMINIUM
ASSOCIATION; UNKNOWN OWNERS AND
NON-RECORD CLAIMANTS; UNKNOWN
OCCUPANTS;
        DEFENDANTS,

NO. 17 CH 8634

CALENDAR NO: 57

PROPERTY ADDRESS:
415 WESLEY AVENUE, UNIT 1
OAK PARK, IL 60302

## MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S
## COMPLAINT AGAINST CERTAIN DEFENDANTS

NOW COMES Plaintiff, WILMINGTON TRUST, NATIONAL ASSOCIATION, AS

SUCCESOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE FOR FIRST FRANKLIN

MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES,

SERIES 2005-FF12, by its attorneys, Shapiro Kreisman & Associates, LLC, and in support of its

Motion for Summary Judgment against Defendants Christopher Stoller, First Franklin Financial

Corporation, and Wesley Terrace Condominium Association on Plaintiff's Complaint, Plaintiff

states as follows:

1. Defendants Christopher Stoller, First Franklin Financial Corporation, and Wesley Terrace Condominium Association have filed an appearance int his matter. Copies of their respective appearances are attached hereto.

2. Defendants are named as party defendants in this foreclosure action because they have an interest in the property that is junior and subordinate to Plaintiff's mortgage.

3. The general rule of lien priority in Illinois is that the first lien to be recorded in time has priority over any other lien that is recorded subsequent to it. *Cole Taylor Bank v. Cole Taylor Bank*, 586 N.E. 2d 775, 224 ILL. App. 3d 696 (1st Dist. 1992); *Durand State Bank v. Earlywine*, 675 N. E. 2d 1028, 286 ILL 3d 210 (2nd Dist. 1997).

4. Plaintiff's mortgage was recorded before Defendants' interest in the property. Therefore, Plaintiff is entitled to prior satisfaction of the property it binds.

5. Summary Judgment is proper where there are no genuine issues of material fact and moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(d); *Pekin Insurance Co. v. Dial*, 355 Ill.App.3d 516, 823 N.E.2d 986 (5th Dist. 2005); *Bank of America National Trust v. Schulson*, 305 Ill.App.3d 941, 714 N.E.2d 20 (1st Dist. 1999).

6. Once a motion has been filed for summary judgment, the burden shifts to the non-moving party to show, through specific evidence, that a triable issue of fact remains. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2458 (1986). The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits. *Id*. The nonmovant must go beyond the pleadings and support its contention with proper documentary evidence. *Id*. Illinois courts have applied the ruling in *Celotex* to mortgage foreclosures and found that, in order to establish a prima facie case of foreclosure, a plaintiff is required only to introduce the Note and Mortgage. *Farm Credit Bank v. Biethman*, 262 Ill.App.3d 614, 634 N.E.2d 1312 (5th Dist. 1994).

FILED DATE: 10/10/2019 2:49 PM   2017CH08634

7.   Plaintiff is entitled to summary judgment in its favor because no genuine issue of material fact exists with respect to the lien priority between Plaintiff and any of the Defendants.

8.   Plaintiff and the mortgagor defendant Priscilla Wright have agreed to a consent judgment pursuant to the provisions of 735 ILCS 5/15-1402, which states:

*Sec. 15-1402. Consent Foreclosure.*

*(a) No Objection. In a foreclosure, the court shall enter a judgment satisfying the mortgage indebtedness by vesting absolute title to the mortgaged real estate in the mortgagee free and clear of all claims, liens (except liens of the United States of America which cannot be foreclosed without judicial sale) and interest of the mortgagor, including all rights of reinstatement and redemption, and of all rights of all other persons made parties in the foreclosure whose interests are subordinate to that of the mortgagee and all nonrecord claimants given notice in accordance with paragraph (2) of subsection (c) of Section 15-1502 if at any time before sale:*

*(1) the mortgagee offers, in connection with such a judgment, to waive any and all rights to a personal judgment for deficiency against the mortgagor and against all other persons liable for the indebtedness or other obligations secured by the mortgage;*

*(2) such offer is made either in the foreclosure complaint or by motion upon notice to all parties not in default;*

*(3) all mortgagors who then have an interest in the mortgaged real estate, by answer to the complaint, response to the motion or stipulation filed with the court expressly consent to the entry of such judgment;*

*(4) no other party, by answer or by response to the motion or stipulation, within the time allowed for such answer or response, objects to the entry of such judgment; and*

*(5) upon notice to all parties who have not previously been found in default for failure to appear, answer or otherwise plead.*

9.   To the extent Defendants Christopher Stoller, First Franklin Financial Corporation, and Wesley Terrace Condominium Association have any objection to the Entry of a Consent Judgment, the procedure for objecting is set forth in 735 ILCS 5/15-1402(b), which states:

FILED DATE: 10/10/2019 2:49 PM   2017CH08634

FILED DATE: 10/10/2019 2:49 PM    2017CH08634

*(b) Objection. If any party other than a mortgagor who then has an interest in the mortgaged real estate objects to the entry of such judgment by consent, the court, after hearing, shall enter an order providing either:*

*(1) that for good cause shown, the judgment by consent shall not be allowed; or*

*(2) that, good cause not having been shown by the objecting party and the objecting party not having agreed to pay the amount required to redeem in accordance with subsection (d) of Section 15-1603, title to the mortgaged real estate be vested in the mortgagee as requested by the mortgagee and consented to by the mortgagor; or*

*accordance with subsection (d) of Section 15-1603, finding that the objecting party (or, if more than one party so objects, the objecting party who has the least priority) has agreed to pay such amount and additional interest under the mortgage accrued to the date of payment within 30 days after entry of the order, and declaring that upon payment of such amount within 30 days title to the mortgaged real estate shall be vested in such objecting party. Title so vested shall be free and clear of all claims, liens (except liens of the United States of America which cannot be foreclosed without judicial sale) and interest of the mortgagor and of all rights of other persons made parties in the foreclosure whose interests are subordinate to the interest of the mortgagee and all nonrecord claimants given notice in accordance with paragraph (2) of subsection (c) of Section 15-1502. If any objecting party subject to such an order has not paid the amount required to redeem in accordance with that order within the 30-day period, the court (i) shall order that such title to the mortgaged real estate shall vest in the objecting party next higher in priority (and successively with respect to each other objecting party in increasing order of such party's priority), if any, upon that party's agreeing to pay within 30 days after the entry of such further order, such amount as specified in the original order plus additional interest under the terms of the mortgage accrued to the date of payment, provided that such party pays such amount within the 30-day period, and (ii) may order that the non-paying objecting party pay costs, interest accrued between the start of the preceding 30-day period and the later of the date another objecting party makes the payment, if applicable, or the date such period expired, and the reasonable attorneys' fees incurred by all other parties on account of that party's objection.*

10.    To the extent any of the Defendants have any objection to the consent judgment,

the Defendants must follow the procedures set forth in 735 ILCS 5/15-1402(b).

Appearance and Jury Demand*                                    (Rev. 01/20/15) CCG N009

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
_CHANCERY_ DEPARTMENT/ _1st_ DISTRICT

COPY

Wilmington Trust National Assc
et Al.
Priscilla L Wright J = TAL
                              **Plaintiff**

                              **Defendant**

No. _17CH08634_

Claimed $: _____

Return Date: _____

Court Date: _____

Room No.: _____

Address of Court District for Filing

**APPEARANCE AND JURY DEMAND***

☒ General Appearance     ☐ 0900 - Fee Paid          ☒ 0909 - No Fee
                         ☐ 0904 - Fee Waived        ☐ 0908 - Trial Lawyers Appearance No Fee

☒ Jury Demand*     ☒ 1900 - Appearance and Jury Demand/Fee Paid
                   ☒ 1909 - Appearance and Jury Demand/No Fee Paid

The undersigned enters the appearance of:   ☐ Plaintiff   ☐ Defendant
_CHRISTopher Stoller_
(Insert Litigant's Name)

Signature

☐ Initial Counsel of Record  ☒ Pro Se (Self-represented)  **2810** ☐ Rule 707 Out-of-State Counsel (pro hac vice)
☐ Additional Appearance  ☐ Substitute Appearance

☐ Atty. No.: _99509_     ☐ Pro se 99500

Name: _CHRISTopher Stoller_

Atty. for: _CHRISTopher Stoller_

Address: _415 Wesley Ave #1_

City/State/Zip Code: _OAK PARK IL 60302_

Telephone: _773-746-3163_

Service via email from the opposing party/Counsel will
be accepted at: _____

by consent pursuant to Ill. Sup. Court Rules 11 and
131.

> **Important**
>
> _Once this Appearance form is filed, photocopies of this form
> must be sent to all other parties named in this case (or to
> their attorneys) using either regular mail, facsimile tran-
> mission (fax) or personal delivery. (See Illinois
> Supreme Court Rules 11 and 13 for more information.)_

Pro Se Only: ☒ I have read and agree to the terms of the Clerk's Office Electronic Notice Policy and choose to
opt in to electronic notice from the Clerk's office for this case at this email address: _CNS509@HOTMAIL.C_
*Strike demand for trial by jury if not applicable.                                        _LDMS509@HOTMAIL.C_
I certify that a copy of the within instrument was served on all parties who have appeared and have not hereto-
fore been found by the Court to be in default for failure to plead.

Attorney for   ☒ Plaintiff   ☐ Defendant

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

FILED DATE: 10/10/2019 2:49 PM   2017CH08634

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS,
- COUNTY DEPARTMENT - CHANCERY DIVISION -

WILMINGTON TRUST, NATIONAL
ASSOCIATION, AS SUCCESSOR TRUSTEE TO
CITIBANK, N.A., AS TRUSTEE FOR FIRST
FRANKLIN MORTGAGE LOAN TRUST,
MORTGAGE LOAN ASSET-BACKED
CERTIFICATES, SERIES 2005-FF12

Plaintiff,

vs.

FIRST FRANKLIN FINANCIAL CORPORATION,
CHRISTOPHER STOLLER, UNKNOWN
OCCUPANTS, WESLEY TERRACE
CONDOMINIUM ASSOCIATION, PRISCILLA L.
WRIGHT A/K/A PRISCILLA WRIGHT A/K/A
PRISCILLA LOUISE WRIGHT; UNKNOWN
OWNERS AND NON-RECORD CLAIMANTS

Defendant(s).

Case No. 17 CH 08634

Cal No.: 62

Property Address:
415 Wesley Avenue
Unit 1
Oak Park, IL 60302

**APPEARANCE**

I, the undersigned, hereby enter my appearance on behalf of Defendant: FIRST FRANKLIN
FINANCIAL CORPORATION.

By: _____

Shaun Callahan
Attorney, Marinosci Law Group, P.C.
ARDC No.: 6296022
134 N. LaSalle Street, Suite 1900
Chicago, IL 60602
Telephone: 312-940-8580
Fax: 401-234-5130
mlgil@mlg-defaultlaw.com

18-14210